1
2
3
4
5

Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| ERIC SABATINI, | ) Case No. |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| | ) **FEDERAL SECURITIES** |
| | ) **LAWS** |
| STAMPS.COM INC., G. BRADFORD | ) |
| JONES, KATE ANN MAY, MOHAN | ) JURY TRIAL DEMANDED |
| P. ANANDA, DAVID C. HABIGER, | ) |
| KENNETH T. MCBRIDE, and | ) |
| THEODORE R. SAMUELS, II, | ) |
| Defendants. | ) |

21
22
23
24
25
26
27
28

Plaintiff Eric Sabatini ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

- 1 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1.     This is an action brought by Plaintiff against Stamps.com Inc. ("Stamps.com" or the "Company") and the members of Stamps.com's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Stamps.com will be acquired by Thoma Bravo, L.P. ("Thoma Bravo"), through Thoma Bravo's affiliates, Stream Parent, LLC ("Parent") and Stream Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2.     On July 9, 2021, Stamps.com issued a press release announcing that it had entered into an Agreement and Plan of Merger dated July 8, 2021 (the "Merger Agreement") to sell Stamps.com to Thoma Bravo.  Under the terms of the Merger Agreement, Stamps.com stockholders will receive $330.00 in cash for each share of Stamps.com common stock they own.  The Proposed Transaction is valued at approximately $6.6 billion.

3.     On August 30, 2021, Stamps.com filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Stamps.com stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the financial projections for Stamps.com and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's

financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"); (ii) the background of the Proposed Transaction; and (iii) J.P. Morgan's potential conflicts of interest. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     In short, unless remedied, Stamps.com's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6.     The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company is

- 3 -

headquartered in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Stamps.com.

9.     Defendant Stamps.com is a Delaware corporation, with its principal executive offices located at 1990 E. Grand Avenue, El Segundo, California 90245. The Company is a leading provider of e-commerce shipping solutions. Stamps.com's common stock trades on the Nasdaq Global Select Market under the ticker symbol "STMP."

10.     Defendant G. Bradford Jones ("Jones") has been a director of the Company since 1998.

11.     Defendant Kate Ann May ("May") has been a director of the Company since March 2019.  Defendant May previously served as Chief Executive Officer ("CEO") of the Company's ShippingEasy subsidiary from July 1, 2016 until December 31, 2019.

12.     Defendant Mohan P. Ananda ("Ananda") has been a director of the Company since 1998.  Defendant Ananda previously served as the Company's CEO from 1997 to 1998.

- 4 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

13.     Defendant David C. Habiger ("Habiger") has been a director of the Company since 2016.

14.     Defendant Kenneth T. McBride ("McBride") has been Chairman of the Board since January 2012, and CEO and a director of the Company since August 2001. Defendant McBride previously served as the Company's President from 2001 until January 2012, Chief Financial Officer ("CFO") from August 2000 to January 2004, and Senior Director and Vice President of Finance from 1999 to 2000.

15.     Defendant Theodore R. Samuels, II ("Samuels") has been a director of the Company since 2017.

16.     Defendants identified in paragraphs 10-15 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

17.     Thoma Bravo is one of the largest private equity firms in the world, with offices in Chicago, Miami and San Francisco, and more than $78 billion in assets under management as of March 31, 2021.   Thoma Bravo invests in growth-oriented, innovative companies operating in the software and technology sectors.  Leveraging its sector expertise and strategic and operational capabilities, Thoma Bravo collaborates with its portfolio companies to implement operating best practices, drive growth initiatives and make accretive acquisitions intended to accelerate revenue and earnings. Over the past 20 years, Thoma Bravo has acquired more than 300 companies representing over $85 billion in enterprise value.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

18.     Parent is a Delaware limited liability company affiliated with Thoma Bravo Fund XIV, L.P., managed by Thoma Bravo.

19.     Merger Sub is a Delaware corporation and a wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20.     Founded in September 1996, Stamps.com is a leading provider of postage online and shipping software solutions to customers including consumers, small businesses, e-commerce shippers, enterprises, and high volume shippers. Stamps.com offers solutions that help businesses run their shipping operations more smoothly and function more successfully under the brand names Stamps.com, Endicia, ShipStation, ShippingEasy, ShipWorks, and MetaPack. Stamps.com's family of brands provides seamless access to mailing and shipping services through integrations with more than 500 unique partner applications. Stamps.com's mailing and shipping service categories include: Mailing Solutions, Multi-Carrier Shipping Solutions, Consolidation Services, Back-End Integrations, Mailing & Shipping Supplies, and Branded Insurance.

21.     On May 6, 2021, Stamps.com announced its first quarter 2021 financial results. Total revenue was $189.1 million, a 25% increase compared to $151.3 million in the first quarter of 2020. GAAP net income was $34.2 million, a 108% increase compared to $16.5 million in the first quarter of 2020. GAAP net income per fully

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

diluted share was $1.74, a 92% increase compared to $0.91 in the first quarter of 2020. Non-GAAP adjusted EBITDA was $59.5 million, a 43% increase compared to $41.5 million in the first quarter of 2020.  Non-GAAP adjusted income per fully diluted share was $2.08, a 58% increase compared to $1.32 in the first quarter of 2020.  Reflecting on the Company's results and looking towards the future, defendant McBride stated:

> We continued to see strength in our financial performance in the first quarter of the year, which marked the anniversary of the COVID-19 pandemic.  Our company has continued to outperform by providing best-in-class global multi-carrier e-commerce technology solutions to our customers and partners in these challenging times.  As the economy begins to show signs of broader recovery, we believe e-commerce will continue to be an integral part of both the global economy going forward and the economic recovery.  We remain excited about the long-term future of our business and confident in our ability to successfully execute our global e-commerce strategy.

**The Proposed Transaction**

22.    On July 9, 2021, Stamps.com issued a press release announcing the Proposed Transaction.  The press release states, in relevant part:

> EL SEGUNDO, Calif. & SAN FRANCISCO-- Stamps.com® (NASDAQ: STMP) (the "Company"), a leading provider of e-commerce

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

shipping solutions, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, in an all-cash transaction that values Stamps.com at approximately $6.6 billion.

Under the terms of the agreement, Stamps.com stockholders will receive $330.00 per share in cash representing a premium of 67 percent over the Company's closing share price on July 8, 2021, the last full trading day prior to the transaction announcement.  The premium is 71 percent over the Company's three-month volume-weighted average closing share price through July 8, 2021.  Upon completion of the transaction, Stamps.com will become a private company with the flexibility and resources to continue to provide best-in-class global e-commerce technology solutions.  Additionally, Stamps.com will benefit from the operating capabilities, capital support and deep sector expertise of Thoma Bravo – one of the most experienced and successful software and technology investors in the world.

"Today's announcement marks a significant milestone in the history of Stamps.com and will provide us with a new and exciting platform from which we can continue to execute our global strategy driven by best-in-class software and technology solutions," said Ken McBride,

- 8 -

Stamps.com's Chairman and CEO.  "With the financial and operational support of Thoma Bravo, Stamps.com can continue to innovate and pursue growth opportunities to capture the expanding e-commerce shipping market and extend our position as the leading global multi-carrier e-commerce shipping software company.  This transaction is a testament to the excellence and hard work of all of our employees and their relentless dedication to our customers and partners throughout the world."

"As the first company to introduce online postage and an early innovator in e-commerce shipping software, Stamps.com has established itself as a key technology solution in worldwide e-commerce," said Holden Spaht, a Managing Partner at Thoma Bravo.  "With a highly-seasoned management team that has driven impressive growth for more than twenty years, an innovative suite of market-leading software solutions, and a large and growing customer base, Stamps.com is well positioned to capitalize on the strong secular tailwinds in e-commerce and we are excited to support the Company in its next chapter of growth."

"We've been tracking the impressive growth of Stamps.com for many years and are excited to partner with the Stamps.com team to support the Company in continuing to drive cutting edge product innovation, expansion into new markets, and delivery of an even greater level of

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

service and support to its impressive customer base," said Brian Jaffee, a Principal at Thoma Bravo.  "The e-commerce landscape is rapidly evolving and we look forward to partnering with the Stamps.com team to continue building on the Company's leading position in e-commerce shipping solutions."

**Transaction Details**

Stamps.com's Board of Directors (the "Board") has unanimously approved the agreement with Thoma Bravo and recommends that Stamps.com stockholders vote in favor of the transaction at the Special Meeting of Stockholders to be called in connection with the transaction.

The agreement includes a 40-day "go-shop" period expiring August 18, 2021 which allows the Board and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties.  The Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement.  There can be no assurance that this "go-shop" will result in a superior proposal, and Stamps.com does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or otherwise required.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

The transaction is expected to close in the third quarter of 2021, subject to customary closing conditions, including approval by Stamps.com stockholders and receipt of regulatory approvals.  Upon closing of the transaction, the Company's common stock will no longer be listed on any public market. The Company will continue to be headquartered in El Segundo, California.

**Advisors**

J.P. Morgan Securities LLC is acting as exclusive financial advisor to Stamps.com and Proskauer Rose LLP is acting as its legal counsel. Debt financing for the transaction is being provided by Blackstone Credit, credit funds managed by Ares Management Corporation, PSP Investments Credit II USA LLC and Thoma Bravo Credit. Kirkland & Ellis LLP is serving as legal advisor for Thoma Bravo.

**Insiders' Interests in the Proposed Transaction**

23.    Stamps.com insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Stamps.com.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

24. Notably, pursuant to the Merger Agreement, all outstanding Company options and restricted stock units will vest and convert into the right to receive cash payments. The following table summarizes the value of Company common stock and options that Company insiders stand to receive:

| Name | Shares (#)[1] | Shares ($) | Company Options (#)[2] | Company Options ($) | Total ($) |
|---|---|---|---|---|---|
| Kenneth McBride | 898 | 296,340 | 150,000 | 44,244,000 | 44,540,340 |
| Jeff Carberry | 2,112 | 696,960 | 52,207 | 15,398,977 | 16,095,937 |
| Jonathan Bourgoine | — | — | 25,662 | 6,324,398 | 6,324,398 |
| Sebastian Buerba | — | — | 25,146 | 7,417,064 | 7,417,064 |
| John Clem | 884 | 291,720 | 58,992 | 17,113,143 | 17,404,863 |
| Nathan Jones | 637 | 210,210 | 28,248 | 7,185,498 | 7,395,708 |
| Amine Khechfe | 99 | 32,670 | 12,292 | 3,625,648 | 3,658,318 |
| Matthew Lipson | 1,358 | 448,140 | 68,216 | 18,719,088 | 19,167,228 |
| Steve Rifai | — | — | 63,000 | 16,914,500 | 16,914,500 |
| Mohan P. Ananda | 637,524 | 210,382,920 | 30,000 | 5,315,300 | 215,698,220 |
| David C. Habiger | 572 | 188,760 | 30,000 | 5,302,300 | 5,491,060 |
| G. Bradford Jones | 40,286 | 13,294,380 | 25,000 | 4,118,700 | 17,413,080 |
| Katie May | — | — | 42,957 | 7,738,776 | 7,738,776 |
| Theodore R. Samuels II | 1,000 | 330,000 | 30,000 | 5,189,200 | 5,519,200 |

25. Additionally, if they are terminated in connection with the Proposed Transaction, Company insiders stand to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Name | Cash ($) [2] | Equity ($) [3] | Perquisites/ Benefits ($) [4] | Total ($) |
|---|---|---|---|---|
| Ken McBride | 466,200 | 9,892,958 | 9,282 | 10,386,440 |
| Jeff Carberry | 0 | 5,606,010 | 0 | 5,606,010 |
| Sebastian Buerba | 0 | 5,935,775 | 0 | 5,935,775 |
| John Clem | 0 | 6,595,306 | 0 | 6,595,306 |
| Nathan Jones | 0 | 5,664,157 | 0 | 5,664,157 |

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**The Proxy Statement Contains Material Misstatements or Omissions**

26.    The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Stamps.com's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

27.    Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, J.P. Morgan; (ii) J.P. Morgan's potential conflicts of interest; and (iii) the background of the Proposed Transaction.

*Material Omissions Concerning the Company's Financial Projections and J.P. Morgan's Financial Analyses*

28.    The Proxy Statement omits material information regarding the financial projections for Stamps.com.

29.    For example, the Proxy Statement fails to disclose the line items underlying: (i) Adjusted EBITDA; (ii) EBIT; and (iii) EBIAT.

30.    The Proxy Statement also omits material information regarding J.P. Morgan's financial analyses.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

31.   The Proxy Statement describes J.P. Morgan's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of J.P. Morgan's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Stamps.com's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on J.P. Morgan's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

32.   With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the unlevered free cash flows that Stamps.com is expected to generate from Q2 2021 to 2026 utilized by J.P. Morgan for the analysis as well as all underlying line items; (ii) quantification of the terminal year unlevered free cash flow used to calculate the terminal asset values for the Company; (iii) quantification of the Company's range of terminal asset values; and (iv) quantification of the inputs and assumptions underlying the discount rates ranging from 9% to 10% .

33.   With respect to J.P. Morgan's *Analyst Price Targets for Stamps.com* analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

34.   The omission of this material information renders the statements in the "Management Projections" and "Opinion of J.P. Morgan" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

- 14 -

35.     The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

36.     For example, the Proxy Statemen fails to disclose the terms of the confidentiality agreements the Company entered into with three parties during the "go-shop" period, including whether they contain "don't-ask, don't-waive" standstill provisions that are presently precluding these potential counterparties from submitting a topping bid for the Company.

37.     The failure to disclose the existence of DADW provisions creates the false impression that a potential bidder who entered into a confidentiality agreement could make a superior proposal for the Company.  If the potential acquirer's non-disclosure agreement contains a DADW provision, then that potential bidder can only make a superior proposal by (a) breaching the confidentiality agreement—since in order to make the superior proposal, it would have to ask for a waiver, either directly or indirectly; or by (b) being released from the agreement, which if action has been done, is omitted from the Proxy Statement.

38.     Any reasonable Stamps.com stockholder would deem the fact that a likely topping bidder for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

39.     The omission of this material information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

*Material Omissions Concerning J.P. Morgan's Potential Conflicts of Interest*

40.     The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by J.P. Morgan.

41.     For example, the Proxy Statement fails to disclose the timing and nature of the past and current services J.P. Morgan and/or its affiliates provided and are providing to Thoma Bravo and/or its affiliates .

42.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

43.     The omission of this material information renders the statements in the "Opinion of J.P. Morgan" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

44.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Stamps.com will be unable to make an informed voting or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the**

**Exchange Act and Rule 14a-9 Promulgated Thereunder**

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

47.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.   It misrepresented and/or omitted material facts, including material information about Stamps.com's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan, the background of the Proposed Transaction, and J.P. Morgan's potential conflicts of interest.   The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

48.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

49.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

50.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for

### Violations of Section 20(a) of the Exchange Act

51.     Plaintiff repeats all previous allegations as if set forth in full.

52.     The Individual Defendants acted as controlling persons of Stamps.com within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Stamps.com, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

- 18 -

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.   The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.   They were, thus, directly involved in the making of the Proxy Statement.

55.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.   The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

56.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Stamps.com's stockholders will be irreparably harmed.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Stamps.com, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Stamps.com stockholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

<strong><u>JURY DEMAND</u></strong>

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 14, 2021

**WEISSLAW LLP**
Joel E. Elkins

By: */s/ Joel E. Elkins*

Joel E. Elkins
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone:  310/208-2800
Facsimile:   310/209-2348
                    -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY  10036
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS